STRATTON MASSACHUSETTS GOLD MINES COMPANY *vs.*
NATHANIEL A. STRATTON.

Middlesex. March 14, 1910. — May 19, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Corporation,* Promoter. *Witness,* Cross-examination. *Equity Pleading and Practice,* Conduct of hearing.

A suit in equity by a corporation to obtain the cancellation of an issue of its entire capital stock to the defendant was referred to a master, who filed a report and a supplemental report covering one hundred and ninety printed quarto pages and containing findings of fact, made after extended hearings and upon conflicting evidence, that the entire capital stock of the corporation was issued to the defendant under a contract made in good faith and as the purchase price of valuable mining property, and that the defendant sold portions of such stock to others, who with him constituted the holders of the only real stock of the corporation, and in doing so did not withhold or conceal from them the material facts and did not make use of his position to obtain an unconscionable advantage over the stockholders. Exceptions of the plaintiff to the master's findings of fact were overruled, the report was confirmed and the bill was dismissed; and the plaintiff appealed. *Held,* that the appeal must be dismissed, because the findings of fact by the master should not be disturbed, and because they required the dismissal of the bill.

Where, at the hearing of a suit in equity, the plaintiff calls the defendant as a witness, it is proper to allow the defendant's counsel to cross-examine him.

KNOWLTON, C. J. This bill in equity was brought for two purposes, first to obtain the cancellation of an issue of stock made by the plaintiff to the defendant, and, secondly, to require the defendant to account for funds alleged to have been received by him as treasurer of the plaintiff corporation and not accounted for.

On the second branch of the case the master * found that there had been an accounting between the parties and an accord and satisfaction. No exceptions were taken by either party to the findings on this part of the case, and it is no longer open for consideration.

The important question before us is whether the stock was wrongly issued to the defendant. Dealing fully and elaborately with the main question, the master has found for the defendant.

* Samuel C. Bennett, Esquire.

He has also found that this suit was brought and has been pros-
ecuted without authority of the corporation, and that a board
of directors, duly elected, have ordered that the counsel for
the plaintiff withdraw their appearance and that the suit be
discontinued.

The case was heard at great length before the master, and the
record, with the report and supplemental report of the master,
not including the evidence except so far as it is stated in con-
nection with the findings, covers one hundred and ninety printed
quarto pages. The plaintiff filed fifty-eight exceptions, nearly all
of which relate to findings of fact. No argument has been ad-
dressed to us upon any particular exception, considered by itself,
but the argument relates to a series of exceptions as a class, and
it is mainly a discussion of the matters of fact stated in the re-
ports, and of the evidence which the master has included to
illustrate the questions before him. From these it is contended
that, upon many points, the master's conclusions are erroneous.

It would be unprofitable to follow the argument upon the
findings as to matters of fact in detail. A careful reading of
the reports and of the entire record shows that there was no
material error in the finding upon which it was concluded that
the stock was legally issued to the defendant and has been
legally held by him. There are matters of evidence relied upon
by the plaintiff which tend to support its contention. On the
other hand, there are other matters of evidence which tend
strongly to support the view taken by the master. The rule is
that the decision of a master upon questions of fact must stand,
unless it is plainly wrong. In this case there is no good ground
for a contention that the master was plainly wrong. The evi-
dence, as a whole, tends to show that he was right.

The only proposition of law to which the plaintiff refers in its
brief on this part of the case is that stated in *Hayward* v. *Leeson*,
176 Mass. 310, which decision it cites, with other cases on the
same subject. But the present case, upon the findings of the
master, does not present the question of law which was decided
in *Hayward* v. *Leeson*. In this case the entire capital stock was
issued to the defendant, under a contract, made in good faith,
for the conveyance of valuable property. The holders of what
the master has found to be the only real stock in the corporation,

all took their title under conveyances from the defendant. It is found that "the defendant did not withhold or conceal from purchasers of stock the facts relating to the matters alleged in the bill," and that he "did not take advantage of his position to obtain an unconscionable advantage over the stockholders."

The master's findings on this branch of the case require the final decree that was entered, and none of the exceptions to these findings shows any material error of law, or any finding of fact that is plainly wrong.

There was no error on the part of the master in allowing the defendant's counsel to cross-examine the defendant, as he was a witness called by the plaintiff to give testimony in its behalf.

Without considering other parts of the case, the entry must be

*Decree affirmed with costs.*

*C. R. Darling*, for the plaintiff.
*W. Odlin*, for the defendant.